**Petition for Writ of Mandamus Conditionally Granted and Opinion filed August 13, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00456-CR

---

## IN RE ANDREW PETE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1535047**

---

## OPINION

On June 24, 2020, relator Andrew Pete filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Randy Roll, presiding judge of the 179th District Court of Harris County, to sign written orders of the oral rulings made on the record at a February 10, 2020 hearing. We conditionally grant the petition.

**BACKGROUND**

Relator, who is proceeding without defense counsel in the trial court, filed (1) a motion for discovery, (2) a motion to compel his former attorneys to surrender the case file to relator, and (3) a motion for discovery of grand jury proceedings and testimony. The trial court held a hearing on February 10, 2020, which relator attended and presented his motions to the court. In this mandamus proceeding, relator complains that the trial court orally ruled on his motions but refused to sign written orders reflecting its oral rulings. Relator contends that the trial court has a ministerial duty to reduce the oral rulings to writing.

**ANALYSIS**

To be entitled to mandamus relief, a relator must show (1) that the relator has no adequate remedy at law for obtaining the relief relator seeks; and (2) what the relator seeks to compel involves a ministerial act rather than a discretionary act. *In re Powell*, 516 S.W.3d 488, 494–95 (Tex. Crim. App. 2017) (orig. proceeding).

"[A] judge 'renders' a judgment or order when, orally in open court or by written memorandum signed by him and delivered to the clerk, the judge pronounces, states or declares a decision of the law upon [a] given state of facts." *Ex parte Thuesen*, 546 S.W.3d 145, 154 (Tex. Crim. App. 2017) (internal quotation marks & citation omitted). "The trial judge's order must be entered of record in the records of the court that rendered the ruling." *Id.* at 155. An order is recorded in the trial court minutes when it is reduced to writing, signed by the trial court, and entered in the record. *In re Nixon*, No. 05-15-00263-CV, 2015 WL 1346137, at *1 (Tex. App.—Dallas Mar. 25, 2015, orig. proceeding) (mem. op.); *see also Thuesen*, 546

S.W.3d at 155 (stating that when ruling has been is rendered, it must be entered of record; that is, "it will be spread upon the record of the court by the clerk" (internal quotation marks & citation omitted)).

When a trial court pronounces its judgment or declares the contents of its order, the act of committing the judgment or order to writing and signing it is a ministerial act. *In re Blakely*, No. 05-19-00104-CV, 2019 WL 494026, at \*1 (Tex. App.—Dallas Feb. 8, 2019, orig. proceeding) (mem. op.); *Nixon*, 2015 WL 1346137, at \*2; *see also In re Harris*, 491 S.W.3d 332, 334–34 (Tex. Crim. App. 2016) (orig. proceeding) (explaining that ministerial act does not involve the use of judicial discretion; instead, ministerial act must be positively commanded and so plainly prescribed under law as to be free from doubt). The trial court had a ministerial duty to sign written orders on relator's motions. *See Blakely*, 2019 WL 494026, at \*1.

Moreover, relator does not have an adequate remedy at law because relator will not be able to appeal the trial court's failure to sign the discovery orders or the order on relator's request that his former trial counsel turnover relator's file until after trial.

## CONCLUSION

The trial court abused its discretion by not signing written orders of the oral rulings on relator's motion for discovery, motion to compel his former attorneys to surrender the case file to relator, and motion for discovery of grand jury proceedings and testimony, and relator does not have an adequate remedy at law. Accordingly, we conditionally grant the petition and direct the trial court to sign written orders

3

reflecting its oral rulings made during the February 10, 2020 hearing.  The writ will issue only if the trial court fails to act in accordance with this opinion.

PER CURIAM

Panel consists of Justices Christopher, Jewell, Hassan.
Publish — Tex. R. App. P. 47.2(b).

4